IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SINCLAIR BROADCAST GROUP, INC.,<br><br>Defendant. | Civil Action No. 1:22-cv-02406 |

**ANSWER**

Defendant, Sinclair Broadcast Group, Inc. ("Defendant"), submits its answer to the Complaint filed by Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), and states:

NATURE OF THE ACTION

Plaintiff's recitation regarding the nature of the action is a preliminary statement and characterization of its claims that does not require a response, but Defendant denies Plaintiff's assertion that Defendant violated the ADA with respect to Complainant, Kristina Pierre ("Complainant"), or any other individual, and generally denies all liability and damages asserted against Defendant by Plaintiff.

JURISDICTION AND VENUE

1. The first two sentences of Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1. With respect to the third sentence of Paragraph 1 of the Complaint, Defendant admits that the U.S. District Court for the District of Maryland is the proper jurisdiction.

1

PARTIES

2. Paragraph 2 of the Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. Admitted.

4. Paragraph 4 of the Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

5. Paragraph 5 of the Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

ADMINISTRATIVE PROCEDURES

6. Admitted.

7. Defendant denies that it engaged in any practice that violated the ADA, but otherwise admits the allegations in Paragraph 7.

8. Admitted.

9. Paragraph 9 of the Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

STATEMENT OF CLAIMS

10. Admitted.

11. Defendant is without knowledge to admit or deny the allegation pertaining to Complainant's diagnosis. Defendant denies the remainder of the allegations in Paragraph 11 of the Complaint.

12. Admitted.

13. Defendant denies that Complainant "passed Defendant's 90-day introductory period" but admits that Complainant's salary was increased by eighty cents ($0.80) per hour on December 29, 2019.

14. Denied.

15. Admitted that Eddie Miles and Alan Johnson met with Complainant on January 7, 2020. Defendant denies the remainder of the allegations in Paragraph 15 of the Complaint.

16. The allegation of disability in Paragraph 16 of the Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted that Defendant did not set a date for Complainant to submit a doctor's note.

29. Denied.

30. Denied.

31. Admitted that Defendant did not set a date for Complainant to submit an additional doctor's note.

32. Admitted that Complainant's termination was effective as of January 24, 2020. Defendant denies the remainder of the allegations in Paragraph 32 of the Complaint.

33. The allegation of disability in Paragraph 33 of the Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33.

34. Paragraph 34 of the Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 34.

35. Paragraph 35 of the Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36. Denied.

37. Denied.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief does not require a response, however, Defendant denies that Plaintiff's claims have merit or that Plaintiff or Complainant are entitled to any of the relief requested. Any allegation not specifically admitted herein is denied.

## **DEFENSES**

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent they concern any matters on which Complainant failed to exhaust her administrative remedies and/or to the extent the allegations exceed the scope of Complainant's administrative charge of discrimination.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because the EEOC's delay in filing suit has prejudiced Defendant's ability to defend this case.

### FOURTH DEFENSE

Any conduct by Defendant toward Complainant was based on legitimate, non-discriminatory reasons, and there is no basis for any claim against Defendant by Plaintiff.

### FIFTH DEFENSE

Defendant has, at all times relevant to the Complaint, made good faith efforts to comply with its obligations under federal, state, and local laws against discrimination.

### SIXTH DEFENSE

At all times, Defendant acted in a legal and proper manner as to all personnel actions taken with regard to Complainant's employment.

### SEVENTH DEFENSE

Complainant's claims are barred, in whole or in part, to the extent that she refused the Defendant's offers of accommodation or offers of assistance.

### EIGHTH DEFENSE

Complainant's claims are barred, in whole or in part, to the extent that she failed to provide an appropriate doctor's note clearing her to return to work and perform her regular duties in the manner reasonably required by Defendant.

### NINTH DEFENSE

The conduct towards Complainant by Defendant was undertaken by reason of business necessity and/or for lawful business reasons, including but not limited to legitimate concerns about employee safety.

### TENTH DEFENSE

Any recovery to which Complainant might otherwise allegedly be entitled must be offset by any benefits or other monies that Complainant has received or will receive, whether through employment, unemployment insurance, or otherwise.

### ELEVENTH DEFENSE

Any damages that Complainant has allegedly suffered were caused, in whole or in part, by her own conduct, including because Complainant failed to submit an appropriate doctor's note as requested by Defendant.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Complainant failed to mitigate her damages, if any.

### THIRTEENTH DEFENSE

The Complaint fails to state facts sufficient to state a claim for punitive damages against Defendant since there was no malice, reckless indifference to Complainant's rights, or willful or wanton conduct attributable to Defendant.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has not satisfied all conditions precedent.

Dated: January 3, 2023                                  Respectfully submitted,

  /s/ *Sima G. Fried*
Francis R. Laws (Fed. Bar No. 02596)
FLaws@tandllaw.com
Sima G. Fried (Fed. Bar No. 03564)
SFried@tandllaw.com
THOMAS & LIBOWITZ, P.A.
25 S. Charles Street, Suite 2015
Baltimore, Maryland 21201
Tel: 410-752-2468
Fax: 410-752-0979

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January, 2023, I filed a copy of the foregoing via the Court's electronic filing system, which will effect service on all counsel of record.

/s/
Sima G. Fried (Fed. Bar No. 03564)