IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. 1:22-cv-02406 |
| Plaintiff, | ) ) ) | THE HONORABLE LYDIA KAY GRIGGSBY |
| vs. | ) ) ) | |
| SINCLAIR BROADCAST GROUP, INC. | ) ) ) | |
| Defendant. | ) ) | |

**STIPULATED CONFIDENTIALITY ORDER
GOVERNING CERTAIN DISCOVERY MATERIAL**

WHEREAS, the Parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this _____ day of _____, 2023, by the United States District Court for the District of Maryland, ORDERED:

1. <u>Applicability of Order.</u> This Confidentiality Order will govern the handling of material that is exchanged by the Parties and is designated Confidential Information in connection with this case. As used herein, "Producing Party" shall refer to the Party that gives testimony or produces documents or other information, and "Receiving Party" shall refer to the Party that receives such information or documents.

2. <u>Designation of Material.</u> Any Producing Party may designate discovery material falling within the scope of Paragraph 3 below that is in their possession, custody or control to be produced to a Receiving Party as "Confidential" by following the procedures in Paragraph 4, below. A Party also may designate any other Party's or non-party's documents or materials that fall within the scope of Paragraph 3 as "Confidential." Each Party agrees to limit any "Confidential" designation to the specific material defined in Paragraph 3 below.

3. <u>Confidential Information.</u> For purposes of this Order, only the following documents and information may be designated as "Confidential Information" pursuant to this Order: (a) medical and health information, which includes, but is not limited to mental and physical capabilities; (b) Protected Health Information ("PHI") as defined by and governed by the Health Insurance Affordability and Accountability Act ("HIPAA"); and (c) information related to the Objections to Subpoena Duces

1

Tecum Issued to Kristina Pierre, including but not limited to, the objections served on Defendant Sinclair Broadcast Group, Inc.

4. <u>Designating Confidential Information.</u> In the case of documents or other materials, designation shall be made by unobtrusively affixing the legend:

   **CONFIDENTIAL**

   to each page containing any Confidential Information, except where redactions are to be made as described below. Unless objections have been made pursuant to this Order and the material originally designated is no longer entitled to the Confidential designation, the Receiving Party shall exercise in good faith every effort to ensure that copies of such materials bear the appropriate confidentiality legend to the same extent that the original has been marked by the Producing Party. If a Party redacts information as Confidential from documents exchanged, that party shall affix the legend **CONFIDENTIAL** as part of the redaction, produce a redaction log to the receiving party at the same time the redactions are made and shall, in the redaction log, cite the part of Paragraph 3 that purportedly entitles the information to Confidential designation and shall describe the type, kind, and length of material or information that was redacted.

   A Party may designate appropriate portions of any transcript of testimony, another Party's documents or materials, or a non-party's documents or materials as "Confidential," as defined in Paragraph 3, by written notice to all Parties identifying such materials within fourteen (14) days of (a) receipt of the transcript of testimony or (b) production by the Producing Party or non-party. If redactions are needed pursuant to this order, the Party shall include with the written notice a copy of each document with the redactions added along with a redaction log as described above. All Parties in receipt of such written notice shall exercise in good faith every effort to ensure that copies of such materials bear the appropriate confidentiality legend or redactions.

5. <u>Confidential Information Filed with Court</u>. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed according to the following procedures: the filing Party shall file with the Clerk of the Court (i) a redacted version, not under seal, in which only confidential information is redacted, and (ii) an unredacted version, under seal, for the Court's use, in which the redacted material is marked but legible (such as through shading or highlighting) with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim

Sealing Motion shall be governed by L.R. 105.11. Even if the filing Party believes that the materials subject to this Order are not properly classified as confidential, the filing Party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing Party's rights under Paragraph 6 of this Order.

6. <u>Challenges to Confidentiality Designations</u>.  Any Party may request a change in the designation of any discovery material as "CONFIDENTIAL" at any time by providing written notice of each designation it is challenging to the Party that designated the material "CONFIDENTIAL."  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly by phone or in person within 14 days of the date of service of notice.  If the requested change in designation is not agreed to by the designating Party, within 28 days of the challenging Party's initial written notice of the challenge, the designating Party shall move the Court to establish that the information in question is within the scope of protection afforded by this Order.  The burden of persuasion in any such challenge proceeding shall be on the designating Party.  If the designating Party does not move for such an order within the 28 days provided, the Party will be deemed to have agreed that the document does not have to be treated as confidential under this Confidentiality Order.

7. <u>Inadvertent Disclosure.</u> The inadvertent failure to designate discovery material as Confidential does not constitute a waiver of such claim and may be remedied by providing the other Party with supplemental written notice within 7 days of discovery of the inadvertent disclosure, with the effect that such discovery material will be subject to the protections of this Order. If inadvertent disclosures are not remedied within 7 days of discovery, the party asserting confidentiality designation protection waives such protection.

8. <u>Persons Authorized to Receive and Review Confidential Information.</u> Discovery material designated as Confidential Information as identified above may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

    a. The Court, persons employed by the Court, and court reporters and videographers transcribing or otherwise recording testimony or argument in the above-captioned matter or any appeal therefrom;

    b. Counsel of record in the above-captioned matter, including the partners, associates, regional and associate regional attorneys, paralegals and other legal support staff, and technical, administrative or clerical employees of such counsel;

    c.   The Parties to this action;

    d.   Experts or consultants assisting counsel of record in the above-captioned matter, provided such experts and consultants have signed an agreement to this Order;

    e.   Witnesses, potential witnesses, and others who are interviewed as part of counsel's work during the discovery period, provided they are informed that such information or materials are protected from disclosure by Court order;

    f.   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    g.   Other persons agreed to in writing by the Parties or as required by federal law or federal law enforcement purposes.

9. <u>Storage of Confidential Information.</u> The recipient of any Confidential Information that is provided under this Confidentiality Order shall use his/her/its best efforts to maintain such information in a reasonably secure and safe manner that ensures access is limited to the persons authorized under this Order.

10. <u>No Waiver of Grounds for Producing Material.</u> This Confidentiality Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, undue burden, or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

11. <u>Limit of Application.</u>  Should any term or provision of this Order be in conflict with any federal government rules, procedures, or practices involving any records collection or retention practices and any investigative or enforcement duties or efforts of the United States Equal Employment Opportunity Commission, the Order shall have no effect or operation.  This Order shall not, and is not intended to, limit information available to the public concerning the disposition of this action or any legal or fact analysis this Court may perform in this matter.

12. <u>Conclusion of Litigation.</u> This Confidentiality Order shall survive the termination of this action. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party.  The Clerk of Court may return to counsel for the Parties any sealed material at the end of the litigation, including any appeals.

13. <u>Headings.</u> The headings herein are provided only for the convenience of the Parties, and are not intended to define or limit the scope of the express terms of this Confidentiality Order.

Upon the stipulation for the entry of this Confidentiality Order and their signatures below, counsel for the Parties signify their understanding of this Confidentiality Order and their agreement to abide by its terms unless and until it is modified or superseded by further order of this Court.

Date:  February 17, 2023

/s/ Sima G. Fried
Francis R. Laws
Flaws@tandllaw.com
Sima G. Fried
SFried@tandllaw.com
Thomas & Libowitz, P.A.
25 S. Charles Street, Suite 2015
Baltimore, Maryland 21201

*Attorneys for Sinclair Broadcast Group, Inc.*

Date:  February 17, 2023

/s/Emily Datnoff
Emily Datnoff, Trial Attorney
U.S. Equal Employment Opportunity
Commission Baltimore Field Office
31 Hopkins Plaza, 14th Floor
Baltimore, Maryland  21201
emily.datnoff@eeoc.gov

*Attorney for United States Equal Employment Opportunity Commission*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____

_____
THE HON. LYDIA KAY GRIGGSBY
UNITED STATES DISTRICT JUDGE