IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. 1:22-cv-02406-LKG |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| SINCLAIR BROADCAST GROUP, INC. | ) ) | |
| Defendant. | ) ) ) | |

## JOINT STATUS REPORT

Pursuant to the Court's January 19, 2023, scheduling order, the parties hereby submit this Joint Status Report.

**1.**      **Whether the parties seek any modifications to the deadline, default deposition hour limit or other provisions of the Scheduling Order.**

The parties do not seek any modifications at this time, either of the deadlines, the default deposition hour limit, or other provisions of the Scheduling Order.  The parties agree that an extension of the discovery deadline may become necessary due to motion practice.

**EEOC:** EEOC states that it may seek an increase in the deposition hour limit depending on the number of fact witnesses disclosed by Defendant; as of this date, Defendant has not disclosed the number or identity of any fact witnesses.  Additionally, motion practice seems likely given Defendant's actions the day after the Court issued the Scheduling Order.  On January 20, 2023, Defendant sent EEOC, by U.S. Mail, a Notice of Intent to serve non-party health care provider, Kelly Ryan, D.O. of MedStar Family Health Center, and Kristina Pierre, the Charging Party, with subpoenas *duces tecum* commanding the production of documents.  Because Defendant chose to serve the Notices of Intent by U.S.

Mail only, EEOC did not receive the Notices of Intent until Monday, January 24, 2023, which was the day after Defendant signed and issued the subpoenas, and which is a violation of the advanced notice requirement under Fed. R. Civ. Proc. 45. Additionally, on January 20, 2023, Defendant unilaterally issued Notices of Depositions for Dr. Ryan and Ms. Pierre without making any efforts to confer with EEOC, Kristina Pierre, or Dr. Ryan regarding dates or times of availability.  EEOC has served objections to the subpoenas *duces tecum* for both Dr. Ryan and Ms. Pierre.  MedStar Family Health Center has joined EEOC's objections given that the subpoena was issued in violation of HIPAA; that Dr. Ryan was followed and served at her parents' house; and that Dr. Ryan was unavailable on the date Defendant set the deposition.

**Defendant:** Given the nature of this action as a single-claimant disability discrimination case that was preceded by a thorough fact-gathering administrative process, Defendant believes the EEOC is already aware of the identity of all of the primary fact witnesses. Defendant further states that it anticipates substantial discovery motions practice in this action in light of certain positions that the EEOC has insisted on taking during discovery. By way of example only, the EEOC refuses to answer interrogatories on the grounds of marital privilege, psychotherapist-patient privilege, physician-patient privilege (which is not recognized), which privileges do not belong to the agency. As such, Defendant believes this portends an extensive motions practice and it may become necessary to extend the discovery deadline, which is currently set for July 6, 2023.

2.    **Whether the parties consent to proceed before a magistrate for all purposes.**

The EEOC does not consent; Defendant does consent, however.

3.      **Whether the parties agree to participate in a mediation session before a magistrate judge.**

The parties agree to participate in a mediation session before a magistrate judge.

4.      **The scope and nature of discovery.**

**EEOC:** EEOC's position is that many of the material facts are not in dispute. For instance, EEOC agrees with Defendant that Ms. Pierre was qualified for the position she was hired into on September 30, 2019. As Defendant admits in the Answer, Ms. Pierre was given a raise on December 29, 2019, just two weeks before she was suspended and eventually terminated, effective January 24, 2020. It is also undisputed that Ms. Pierre disclosed to her supervisors that she was "schizoaffective" and "bipolar" on or around January 7, 2020, who then informed Defendant's human resources staff of Ms. Pierre's stated diagnoses. It is further undisputed that, within a week of discovering Ms. Pierre's disability, Defendant prohibited Ms. Pierre from returning to the workplace until she submitted a doctor's note saying she could return, rejected the doctor's note Ms. Pierre submitted that said she could return, insisted she obtain a second doctor's note to return to work, and then fired her within a week of demanding the second doctor's note before Ms. Pierre had an opportunity to submit it. Defendant also admits that it provided no deadline for Ms. Pierre to submit either of the doctors notes it demanded. EEOC's position is that Defendant discriminated against Ms. Pierre because of disability.

EEOC's discovery requests seek information that is relevant and proportional to the needs of the case. EEOC is open to working through any disputes Defendant has with respect to EEOC's discovery requests.

**Defendant:** Defendant believes that the scope of discovery is really quite narrow with regard to the discovery needed by both parties. First, Defendant does not dispute that, at

the time of hire, Kristina Pierre – the EEOC's Charging Party – was qualified for the position she was hired into. Ms. Pierre was hired on September 30, 2019 and was terminated on January 24, 2020, less than four months later. Defendant does not dispute that Ms. Pierre's job performance was largely acceptable until around or just after Christmas 2019. It is Defendant's position, however, that around that time Ms. Pierre began displaying some concerning, aberrant, and frightening behavior. Therefore, with regard to information concerning Ms. Pierre's employment, Defendant believes that the **bulk of** the EEOC's discovery should be focused on the approximate 4-week time period between December 24, 2019 and January 24, 2020. That said, the EEOC has requested over four years' worth of documents and electronic data so, again, Defendant anticipates substantial discovery motions practice in this action. With regard to the discovery that Defendant believes it needs to conduct, and given that the EEOC has identified only Ms. Pierre and four current or former employees of Defendant as people with knowledge, Defendant foresees seeking (in addition to Ms. Pierre's deposition) medical records and testimony regarding Ms. Pierre's diagnosis and treatment for schizoaffective disorder, bipolar type; testimony pertaining to Ms. Pierre's efforts to procure a physician's note clearing her as fit to return to work; documents pertaining to Ms. Pierre's past employment and efforts to mitigate her pecuniary losses; and the non-economic damages the EEOC alleges on behalf of Ms. Pierre. Based on the information available to it at this time, Defendant believes that it needs to take the depositions of (1) Kristina Pierre, (2) Dr. Kelly Ryan, and (3) the physician(s) treating and prescribing medications to Ms. Pierre for her schizoaffective disorder, bipolar type. Though the EEOC has refused to itemize the monetary damages it is claiming, Defendant believes that the EEOC is seeking mental distress damages in the

amount of hundreds of thousands of dollars and Defendant also believes that it will need to request an independent medical examination of Ms. Pierre in connection with the circumstances of her termination and the associated mental distress the EEOC alleges she suffered.

      a.      **Subpoenas.**

**EEOC:** EEOC's position regarding subpoenas is that any party intending to serve a subpoena on a third party will provide the other party with at least ten (10) business days' notice of the intent to serve a third-party subpoena. Such notice will include a copy of the subpoena, attachments to the subpoena, and other materials to be sent to the party being subpoenaed regarding their obligations in responding. Such notice will be provided by email. The parties agree that if any documents requested in relation to this case are received from third parties pursuant to subpoenas, the receiving party will alert the other party and provide copies within one week of receipt. EEOC believes such an agreement is necessary given Defendant's actions toward Dr. Ryan and Ms. Pierre.

**Defendant:** Defendant suggests that the EEOC's position is both wholly unnecessary and based on a thorough misunderstanding of the Rules of Civil Procedure. Rules 45 and 5(b)(2)(C) provide all the guidance that is necessary on the subject.

      b.      **Serving and Filing of Pleadings and Documents.** The parties agree that service via ECF will be sufficient for all filed documents and that service by email is sufficient and expected for all other documents and correspondence.

      c.      **Disclosure or Discovery of Electronically Stored Information.**

**EEOC:** The parties conferred regarding ESI, and the EEOC will continue to confer with Defendant about its production of information concerning ESI. To date, EEOC states that

Defendant has not fulfilled its obligations concerning ESI, but the Commission will attempt to resolve those disputes before initiating motion practice or otherwise seeking assistance from the Court.

**Defendant:** Defendant patently disagrees that it has not fulfilled its obligations concerning ESI, having already provided the EEOC with detailed answers to all relevant ESI-related questions.

### d.    Claims of Privilege and Protection of Trial Preparation Materials.

The parties have been unable to agree about procedures regarding claims of privilege.

**EEOC:** EEOC proposes that if a privilege or privileges are asserted as to any material requested in discovery, including the work product doctrine, the party asserting privilege will provide a privilege log within fourteen (14) calendar days after they have provided their production of documents, except that no party need provide information in a privilege log that, itself, reveals privileged information. Regarding material that is confidential pursuant to statutory confidentiality provisions, including conciliation, EEOC further proposes that no such material need be identified in a privilege log.  Finally, EEOC proposes that any work product materials created following August 3, 2021, the date on which EEOC issued its Letter of Determination to Defendant, need not be logged by the parties.

**Defendant:** Defendant proposes, in accordance with common practice and its understanding of privilege log requirements in the Rules and under the law, that any attorney-client privileged or work product materials created following September 21, 2022, the date on which EEOC filed suit, need not be logged by the parties. Defendant further proposes that material that is confidential pursuant to statutory confidentiality provisions,

including conciliation, should also be logged in light of some of the positions the EEOC

has taken to date with regard to assertion of privilege.

       **e.**     **Protective Order.**

Currently pending is a jointly-submitted proposed Stipulated Confidentiality Order for

entry in this matter.


Dated: March 2, 2023                                    Respectfully submitted:

                                                *s/ Emily Datnoff*
                                              Emily Datnoff, Bar No. 29464
                                              Trial Attorney
                                              U.S. Equal Employment Opportunity Commission
                                              Baltimore Field Office
                                              31 Hopkins Plaza, Suite 1432
                                              Baltimore, Maryland
                                              emily.datnoff@eeoc.gov
                                              Phone: 410-801-6708

                                              *Counsel for EEOC*


                                              *s/ Sima G. Fried*
                                              Francis R. Laws (Fed. Bar No. 02596)
                                              FLaws@tandllaw.com
                                              Sima G. Fried (Fed. Bar. No. 03564)
                                              SFried@tandllaw.com
                                              THOMAS & LIBOWITZ, P.A.
                                              25 S. Charles Street, Suite 2015
                                              Baltimore, Maryland 21201
                                              Tel: 410-752-2468
                                              Fax: 410-752-0979

                                              *Attorneys for Defendant*