## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**CHAMBERS OF**
**BETH P. GESNER**
**CHIEF UNITED STATES MAGISTRATE  JUDGE**
MDD_BPGchambers@mdd.uscourts.gov

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-4288**

March 27, 2023

### ORDER SCHEDULING SETTLEMENT CONFERENCE

Emily M. Datnoff, Esquire
EEOC
31 Hopkins Plaza, Suite 1432
Baltimore, MD  21201

Francis R. Laws, Esquire
Justin T. Liberatore, Esquire
Sima G. Fried, Esquire
Thomas & Libowitz, PA
25 S. Charles Street, Suite 2015
Baltimore, MD  21201

RE:  <u>EEOC v. Sinclair Broadcast Group, Inc.</u>
Civil No. LKG-22-2406

Dear Counsel:

The above referenced case has been referred to me to conduct a settlement conference. Please be advised that I am scheduling a virtual settlement conference for **Friday, May 5, 2023 at 10:00 a.m.**  I would appreciate it if counsel would make arrangements in advance for the conference to proceed virtually.  Although I do not have a preferred method, I would note that some type of video conferencing (i.e, Zoom or other platform) is preferable to a telephone conference.

The Court will consider a JOINT request to conduct an in-person conference if all necessary participants agree to appear in person. Such requests should be submitted by joint letter to my chambers **within one week of this letter** and should include a short statement as to why an in-person conference is preferred.  I understand that counsel and all parties are available to attend the settlement conference.

**Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.**

Virtual Settlement Conference Protocol:

### **PRIVACY AND CONFIDENTIALITY**

All participants and attendees in this mediation, including every person who may participate

EEOC v. Sinclair Broadcast Group, Inc.
Civil No. LKG-22-2406
March 27, 2023
Page 2

by telephone, video, e-mail, text, or other means, agree that all communications related to the mediation, and all negotiations and settlement discussions, communicated in any medium, are private and confidential.

### ABSOLUTE PROHIBITION ON RECORDING

You, or anyone on your behalf, may NOT audio or video record any mediation session or portion thereof. If you learn of an audio or video recording of any session, you shall take immediate measures to destroy the recording and will not disseminate the recording to third parties. You further agree that you will not transmit a live or deferred video or audio relay of the online mediation sessions to third parties.

### INADVERTENT PRIVACY FAILURE

In the unlikely event that you are placed into what is meant to be a private and confidential space such as a "breakout room" and find that you nonetheless can hear or otherwise have access to the confidential conversations or information of others, you should immediately take steps to correct this and immediately contact me.

**PLEASE NOTE**: It is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative, with complete authority to enter into a binding settlement, be present in person. A person with complete authority is someone who has the experience and judgment to exercise that authority *without having to consult with anyone who is not in attendance at the settlement conference*.[1] Attendance by the attorney for a party is not sufficient. Please also be advised that the conference should conclude by 4:00 p.m., and all those in attendance should plan accordingly.

No later than **Friday, April 21, 2023**, I would like to receive by email (mdd_bpgchambers@mdd.uscourts.gov), a short ex parte letter, **NOT TO EXCEED FIVE PAGES**, from each party candidly setting forth the following:

(1) facts you believe you can prove at trial;

(2) the major weaknesses in each side's case, both factual and legal;

(3) reference to any pending dispositive or other motions that would have a **significant** effect on settlement for the Court to review prior to settlement

---

[1] This requirement will only be waived upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration at least two weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner.

EEOC v. Sinclair Broadcast Group, Inc.
Civil No. LKG-22-2406
March 27, 2023
Page 3

          **(please include a copy of the motion(s) and the paper number(s) and highlight and tab the relevant portions);**

(4)      an evaluation of the maximum and minimum damage awards you believe likely;

(5)      if your client will take the position in settlement discussions that a lack of financial resources will impact your client's ability to pay a judgment or settlement, a summary of your client's finances, including cash on hand, ownership interests in properties, business, and other assets, the amount of any relevant mortgage or liens, and recent income tax information. Documentation supporting the contentions in the summary should be provided to opposing counsel prior to the settlement conference or, if your client is unwilling to provide the documentation to opposing counsel, the documentation should be attached to the <u>ex parte</u> letter for the Court's review.

(6)      the history of any settlement negotiations to date; and

(7)      estimate of attorneys' fees and costs of litigation through trial.

      If you wish me to review any deposition excerpts or exhibits, attach a hard copy to your letter.  **For *all* attachments which are more than two pages in length (particularly deposition excerpts) place them in a binder, with a table of contents, and highlight and tab the portions that you want me to review.**  I also will review the pleadings in the court file.  Additionally, if you wish for me to review any case authorities that you believe are critical to your evaluation of the case, please identify them.  A paper copy of all attachments <u>exceeding 15 pages</u> should be mailed or hand delivered to chambers.

      **In addition to submitting <u>ex parte</u> letters as required above, the parties shall exchange written settlement demands/responses prior to the commencement of the settlement conference.**  First, Plaintiff(s) shall forward a written settlement demand to the Defendant(s) no later than one month prior to the settlement conference. Plaintiff(s)' demand shall particularize, at a minimum, each category of damages claimed and the method by which it was calculated, as required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. Plaintiff(s)' demand also shall include any request for non-monetary relief and the explanation and basis therefore. Defendant(s) shall respond, also in writing, within one week of receiving the demand. The response shall address each category of damages claimed and shall likewise identify any evidentiary support for Defendant(s)' response. If the Defendant(s) intends to respond to the demand by offering nothing, that shall be expressly stated and the response will include an explanation for this position. ***THIS CORRESPONDENCE BETWEEN THE PARTIES SHALL BE INCLUDED WITH THE <u>EX PARTE</u> LETTERS SUBMITTED TO THE COURT.***

EEOC v. Sinclair Broadcast Group, Inc.
Civil No. LKG-22-2406
March 27, 2023
Page 4

**Failure to comply with the requirements of this letter may result in the imposition of sanctions.**

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d).

If counsel believes that a telephone conference prior to **May 5, 2023** would make the settlement conference more productive, please contact my judicial assistant, Donna Cowan (Donna_Cowan@mdd.uscourts.gov), to make arrangements.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/

Beth P. Gesner
Chief United States Magistrate Judge

cc:  Judge Griggsby