# Thomas & Libowitz, P.A.

A Professional Association founded in 1975

25 S. Charles Street, Suite 2015 ▪ Baltimore, MD 21201
Phone: 410-752-2468 ▪ Fax: 410-752-0979

_____

www.tandllaw.com

**FRANCIS R. LAWS**
flaws@tandllaw.com

*Serving the Community for over 40 Years*

STEVEN ANARGYROS THOMAS+*
ROBERT A. SNYDER, JR.
JOHN R. WISE
C. WAYNE DAVIS
CHARLES B. JONES
SCOTT H. MARDER^

MEMBERS
MARGARET L. ARGENT+
C.J. PERSSON
ANASTASIA THOMAS NARDANGELI

ASSOCIATES
SIMA G. FRIED=
CLINTON R. BLACK, V~
JESSICA A. DENKEVITZ
MEGAN E. EASTER
JUSTIN T. LIBERATORE

COUNSEL
CLINTON R. BLACK, IV
FRANCIS R. LAWS
DAVID M. SHEEHAN○

Also Member of DC Bar  +
Also Member of VA Bar  *
Also Member of NY Bar  =
Also Member of MA Bar  ○
Also Member of FL Bar  ^

April 13, 2023

*Via CM/ECF*

The Honorable A. David Copperthite
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

   Re: **EEOC v. Sinclair Broadcast Group, Inc.**
      **Case No. 1:22-cv-02406-LKG**

Dear Judge Copperthite:

  I write with a status report regarding the discovery dispute previously before Your Honor on March 27, 2023 and to seek enforcement of your March 27 Order, ECF 35. By way of reminder, Kristina Pierre, the Charging Party before the EEOC, was scheduled for a deposition in this action on March 30, 2023, but about a week before the deposition, EEOC refused to produce Ms. Pierre as previously agreed. Following a telephone conference with Your Honor, the parties were directed to "continue to discuss outstanding discovery matters including the production of documents from both Plaintiff and Defendant." ECF 35. The parties have continued their discussions to try and resolve the pending discovery disputes and Defendant, this morning, renewed its request for deposition dates for Ms. Pierre in light of Your Honor's March 27th order directing the parties to "reschedule the deposition to a date within thirty days of this Order[.]" ECF 35.

  EEOC, however, refuses to reschedule Ms. Pierre's deposition until it has received (and has an understanding of the volume of) Defendant's complete document production.[1] By way of reminder, EEOC conducted an extensive investigation of Ms. Pierre's claims at the administrative

---

[1] I will note that Defendant has been working with EEOC to facilitate production of Defendant's documents, especially production of ESI. *See* Ex. A. To date, Defendant has produced 361 pages of hard copy documents. In the course of conversations about discovery this morning, however, when asked for dates for Ms. Pierre's deposition, counsel responded that she would not provide a date until document production and the subsequent review by the EEOC is completed.

The Honorable A. David Copperthite
April 13, 2023
Page 2 of 2

level, during which Defendant provided a nine-page explanation of its position with respect to those claims, including a short legal analysis, accompanied by nine exhibits. During conciliation further documents, information, and explanation of Defendant's actions were provided. Prior to the institution of the administrative action, Ms. Pierre filed for unemployment during which proceedings Defendant's employees were examined under oath; EEOC has the recordings and transcripts of those proceedings.

In these proceedings, unlike EEOC, Defendant provided a sixteen-page response to EEOC's interrogatories, providing a list of persons with knowledge and description of the knowledge of the individuals, as well as a detailed chronological description of the events leading to Ms. Pierre's termination. Ex. B. This is in contrast to the near-total non-responsive answers and objections of the EEOC to interrogatories propounded by Defendant (Ex. C) as well as the objections raised to the subpoena directed to Ms. Pierre that precipitated Defendant's Motion to Compel, denied without prejudice by this Court (Ex. D).

Defendant believes that the EEOC already has all of the documents it might need to prepare Ms. Pierre for deposition and that there is no good reason to further postpone Ms. Pierre's deposition. There is no Rule or case to Defendant's knowledge that allows a party to avoid the deposition of its key witness until it has satisfied itself that it has the entire universe of information available to it, let alone flaunting a Court Ordered date to submit to deposition. The delay in the EEOC's explanation for refusing to produce its witness is that it has not completed e-discovery, a process where the protocols require extensive exchanges of information with respect to search terms, etc., and which, in Defendant's view, is way out of proportion to the instant matter. Defendant, however, has been working with EEOC in following those protocols. *See* Ex. A.

Accordingly, Defendant requests that Your Honor order the EEOC to provide a date for Ms. Pierre's deposition to occur on or before Friday, April 28, 2023, in accordance with Your Honor's Order.

Respectfully submitted,

/s/ *Francis R. Laws*

Francis R. Laws