IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES EQUAL OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SINCLAIR BROADCAST GROUP, INC., <br><br> Defendant. | Civil Action No. 22-cv-02406-LKG <br><br> Dated: August 30, 2023 |

## **CONSENT DECREE**

## **1. RECITALS**

On August 29, 2023, the parties filed a joint motion for entry of consent decree (ECF No. 61). For good cause shown, and at the request of the parties, the Court **GRANTS** the parties' motion and enters the consent decree as follows:

1. This action was instituted by the United States Equal Employment Opportunity Commission, a federal agency, against Defendant Sinclair Broadcast Group, LLC f/k/a Sinclair Broadcast Group, Inc.[1] Defendant is an employer that is statutorily required to comply with the Americans with Disabilities Act, as amended (ADA), a law prohibiting disability discrimination that is enforced by the EEOC. In this action, EEOC alleges that Defendant violated the ADA when it discriminated against Kristina Pierre because of disability.

2. Defendant denies the allegations of discrimination and this Decree does not constitute an admission of liability by Sinclair.

3. The parties to this Consent Decree (Decree) are the Plaintiff, the United States Equal Employment Opportunity Commission (EEOC or Commission), and the Defendant, Sinclair Broadcast Group, LLC (Defendant or Sinclair).

---

[1] Sinclair Broadcast Group, Inc. was converted to a limited liability company on June 1, 2023.

4. All terms agreed to as a condition of resolving the above-captioned action and the claims that EEOC filed against Defendant in this action are set forth in this Decree, and there shall be no other instrument or agreement setting forth any terms that must be satisfied as a condition of resolving such claims.

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

5. The parties stipulate to the jurisdiction of this Court over the parties and subject matter of this action.

6. The Court shall retain jurisdiction of this action for the duration of the Decree to enter all orders, judgments, and decrees which may be necessary to implement its terms and the relief provided.

7. The duration of this Decree shall be one and one-half (1.5) years from the date the Court signs the Decree.

8. The terms of this Decree shall apply to all of Defendant's sites, locations, and offices in the State of Maryland except television stations operated by Sinclair or any of its affiliates.

9. This Decree resolves all claims that were filed by the EEOC in the above-captioned action, as set forth in the Complaint filed by the EEOC in this action.

10. Nothing in this Decree shall be construed to preclude the parties from bringing suit to enforce this Decree in accordance with the enforcement provisions of the Decree.

11. Nothing in this Decree shall be construed to waive or release any rights or claims that any individual may have arising under any law, ordinance, regulation, or other provision that grants any individual access to administrative process, or rights or remedies of any kind, including such individual rights or claims of Kristina Pierre.

12. The Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions and injunctive relief.

### 11. MONETARY RELIEF

13. In accordance with this Decree, and in full settlement of all monetary claims asserted by the EEOC in this action, Defendant agrees to pay the total settlement amount of $85,000 (eighty-five thousand dollars) to resolve this matter with respect to the EEOC's claims asserted on behalf of Kristina Pierre.

14. Within thirty (30) days of the Court signing this Decree, Defendant shall pay Kristina Pierre $85,000 as referenced above, by mailing payment to her using an address and method of delivery provided by EEOC. From that amount, $60,000 shall constitute backpay and $25,000 shall constitute compensatory damages, as provided by the Civil Rights Act of 1991.

15. Defendant shall issue the appropriate IRS Forms and make necessary withholdings from the payments made pursuant to this Decree, except that payment designated as compensatory damages shall be reported on IRS Form 1099 and Defendant shall make no withholdings from such payment. Defendant shall be responsible for all applicable withholding and payroll taxes, consistent with this Decree and applicable regulation and law. Defendant shall issue all IRS Forms and shall send them directly to Kristina Pierre no later than February 15, 2024, using an address for Ms. Pierre provided by EEOC and in a method and manner identified by the Commission.

16. Within three (3) business days after payments are sent to Kristina Pierre, Defendant shall submit to EEOC a copy of the checks issued to Ms. Pierre. Within three (3) business days of issuing the IRS Forms referenced above, Defendant shall also submit copies of the Forms to EEOC.

## III. INJUNCTIVE RELIEF
## ADA POLICIES AND PROCEDURES

17. Defendant shall maintain a policy that complies with the ADA.

18. Defendant shall distribute to all employees, paper or electronic copies of Defendant's policy against disability discrimination within thirty (30) days after entry of this Decree. Defendant shall distribute a paper or electronic copy of its policy against disability discrimination to each subsequently hired temporary or permanent employee at the time of hire.

### RECORDS AND RETENTION

19. Regarding each charge, complaint, or report (whether written or unwritten, formal or informal, including those made anonymously, and including those made pursuant to the grievance provisions of any collective bargaining agreement) and each investigation of potential or alleged disability discrimination (including but not limited to failure to engage in the interactive process and make reasonable accommodations) or of unlawful medical examination and/or inquiry made against any applicant or employee of Defendant, and made during the term of this Decree, Defendant shall compile a file which shall contain the following:

a. the full name, home address, home telephone number and cell phone number, department, and job title of each complainant, potential victim, witness, and other person allegedly involved;

b. the date of the allegation, charge, complaint, or report;

c. the date/s on which the incident/s allegedly occurred;

d. the specific allegations that were made;

e. the complete substance of any statements made by each complainant, potential victim, witness, and other person allegedly involved;

f. a detailed description of all actions taken in response to the allegation, charge, complaint, or report; and

g. a detailed description of Defendant's conclusions regarding the allegation, charge, complaint, or report, and any resolution reached, or corrective action taken in response.

Defendant shall also retain with the file any other documents created or obtained in relation to a charge, complaint, report, or investigation, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications. Defendant shall retain all such records for the duration of this Decree.

20. For the duration of this Decree, Defendant shall retain all personnel, payroll, and other employment-related documents concerning any person who submitted an allegation, charge, complaint, or report described in Paragraph 19, or who was interviewed or identified as a witness or potential witness to the alleged discriminatory event.

21. For all persons who separated employment from Defendant for any reason and who reported to Defendant that they have a physical or mental impairment or record of such impairment or where Defendant learned of such impairment from another source, Defendant shall, beginning on the first date of each month and ending on the last date of each month, create, record, and retain in both electronic and paper format, the following information for the duration of the Decree:

a. the full name, home address, and home telephone number and cell phone number of each person described above;

b. the date of hire;

c. the position/s, and the location where each person worked;

4

  d. the dates when the person reported the information concerning the person's physical or mental impairment or record of such impairment or when Defendant discovered such information from another source;

  e. all information related to any return-to-work release (or other permission to return to work with or without restrictions), a doctor's note, or other medical inquiry or examination Defendant sought or requested;

  f. whether Defendant engaged in any interactive process, as defined by the ADA and applicable case law, with any such person along with a description of what process occurred and an explanation about why no process occurred, if applicable; and

  g. what accommodations, if any, were offered or provided to each such person, including a description of the accommodations and when they were offered, the name of the person who offered the accommodations; and whether any of them were implemented and if not, why not.

## REPORTING AND MONITORING

22. On a quarterly basis *(i.e.,* at the end of each 90-day period) beginning three months from the date the Court signs the Decree, and continuing for the duration of the Decree, Defendant shall submit written notification to the Commission regarding all matters described in Paragraphs 19-21 (for a total of five (5) notifications). Defendant's notification must be accompanied by copies of all records evidencing the information Defendant is required to create and maintain pursuant to those provisions. Defendant's notification must be updated and must include production of material created or maintained after the initial notification was provided to EEOC, every thirty (30) days until final action is taken by Defendant regarding any matter reported, or until the expiration of this Decree, whichever is first to occur.

23. Defendant shall submit all additional electronic records, documents, or information that EEOC requests and deems necessary to monitor Defendant's compliance with the Decree terms, no later than fourteen (14) days after EEOC requests such material.

## SUBMISSIONS OF RECORDS, REPORTS, AND NOTICES

24. All records, reports, and notifications required to be created or maintained under this Decree shall be verified under oath or under penalty of perjury by an officer or

director of Defendant before they are produced to the EEOC. They shall be sent by electronic mail and hard copies, if requested, to Emily Datnoff, Trial Attorney, U.S. Equal Employment Opportunity Commission, Baltimore Field Office, 31 Hopkins Plaza, I4th Floor, Baltimore, Maryland 21201.

## TRAINING

25.     Defendant shall provide to all decisionmakers, supervisors, managers, and any other employee involved in handling or processing ADA issues in Defendant's Corporate Headquarters Human Resources Department and Defendant's Information Technology Department, not less than one (I) hour of training regarding discrimination made unlawful by the ADA, with special emphasis on reasonable accommodation and the interactive process to identify reasonable accommodations, federal prohibitions on denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability based on the need of Defendant to make reasonable accommodations to the physical or mental impairments of the employee or applicant, unlawful requests for medical examinations and/or inquiries under the ADA, company policies prohibiting discrimination, the ppenalties for engaging in prohibited conduct, specific anti-stigma training aimed at reducing stigmatizing behavior in the workplace and protecting those with mental impairments from harassment, degrading conduct, and discrimination, and the content and requirements of this Decree.

26.     The training described in paragraph 25 shall be provided within forty-five (45) days of entry of this Decree, and within (I4) days of the first day of work for all persons described in paragraph 25.

27.     All training described above shall be provided at Defendant's own expense and shall be provided by third party trainer/s to whom EEOC agrees.

28.     No later than ten (10) days after each training session described above, Defendant shall submit to EEOC a list of the names, job titles, and work locations of the attendees of such training sessions with copies of all written materials (including power point presentations or other material displayed) that were provided to attendees as part of the training.

## POSTING

29.     Within ten (10) days of the date the Court signs this Decree, Defendant shall post copies of the Notice, attached hereto as Exhibit A, in a conspicuous location in each location covered by the Decree and at all places where employee notices are posted. The Notice shall remain posted for the duration of the Decree. Each Notice shall be typed legibly using font size 12 Times New Roman. If multiple pages are used for the Notice, they shall not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizonal row or vertical column configuration). In addition, Defendant shall continue to post all notices required by law. If any notice is defaced, marred, or otherwise made unreadable, Defendant shall immediately post a readable copy thereof. Defendant shall permit a representative of the EEOC to enter their premises and inspect the Notice on at least one (1) full business day's prior written notice if EEOC so requests, which notice shall begin to run on the date the notification is sent and which shall be addressed to Sinclair's Senior Vice President of Human Resources with a copy to General Counsel.

30.     Within ten (10) days of posting the Notice, Defendants shall send EEOC a copy of the signed Notice, written certification that it has been posted, and a description of where the Notice is posted.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

31.     Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance of this Decree.

32.     Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for District of Maryland.

33.     The terms of this Decree shall be binding upon Defendant; and all present and future owners, directors, officers, managers, employees, agents, trustees, administrators, representatives, successors, and assigns of Defendant. Defendant, and any successor/s of Defendant shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition, merger, or transaction. This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this

Decree.

34. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and EEOC and approved by the Court.

35. If any provision(s) of this Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

36. When this Decree requires a certification by Defendant of any fact/s, such certification shall be made under oath or penalty of perjury by one or more officers or management employees of Defendant.

37. With respect to matters outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission regarding any matter over which the EEOC has authority.

38. Each party shall be responsible for and shall pay its own costs and attorney's fees.

**IT IS SO ORDERED.**

                                               s/ Lydia Kay Griggsby
                                               LYDIA KAY GRIGGSBY
                                               United States District Judge